NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ETHEL L. PERRY,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7081

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1337, Judge William Greenberg.

---

Decided: September 16, 2014

---

ETHEL L. PERRY, of Hazelcrest, Illinois, pro se.

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARIAN E. SULLIVAN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Ethel L. Perry ("Perry") appeals from the decision of the United States Court of Appeals for Veterans Claims, affirming the decision of the Board of Veterans' Appeals ("the Board") denying Perry's claims for entitlement to (1) dependency and indemnity compensation ("DIC"); (2) accrued benefits; and (3) death pension benefits. *See Perry v. Shinseki*, No. 13-1337 (Vet. App. Mar. 31, 2014) ("*Opinion*"). Because Perry's arguments on appeal concern only challenges to factual determinations and the application of law to the facts of this case, we lack jurisdiction to decide Perry's appeal and dismiss.

ANALYSIS

Perry seeks benefits associated with her now-deceased father's military service, first arguing that it was error to deny her claim because necessary evidence to support her claim was lost in the 1973 fire at the National Personnel Records Center ("Records Center"). Perry next argues that the Board erred when it concluded she was ineligible as a matter of law to recover the benefits claimed when it determined that she is not "child" under 38 U.S.C. § 101(4). The government responds that both of Perry's arguments challenge only the Board's factual determinations, which are outside of this court's jurisdiction to review, and that the determinations were correct in any event.

Regarding Perry's first argument, Perry asserts that her father served in the United States Army during a period of war, service which could satisfy the requirement

of qualifying service necessary to receive a death pension. *See* 38 U.S.C.A. § 1521(j); 38 C.F.R. § 3.3(a). She contends that the records to establish that service were destroyed in the 1973 Records Center fire and that the Board erroneously concluded that her father had not served during a period of war. However, the Board determined that the record "reflects" that the veteran did not serve on active duty during a period of war and thus that Perry cannot establish that she is eligible to receive the death pension. App. 43.

Perry challenges not the validity or the constitutionality of any statute, but the Board's factual determination. Congress has instructed that absent a constitutional issue, this court lacks "the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292). Though she contends otherwise, her challenge of the Board's determination of the factual circumstances of the veteran's service solely is a challenge of the Board's factual determinations and the application of the law to those facts. We therefore lack jurisdiction over this challenge. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (this court lacks jurisdiction over claims that are "constitutional in name only").

Perry also argues that the Board wrongly concluded that she is barred as a matter of law from receiving the sought benefits. Perry contends that she is entitled to receive her father's DIC, accrued benefits, and death pension because she is the veteran's child. However, 38 U.S.C. § 101(4) sets forth a specific statutory definition of a "child" which must be met for present purposes. To be recognized as a "child" under 38 U.S.C. § 101(4), a person born to or adopted by the veteran must be (1) younger than 18; (2) became permanently incapable of self-support before turning 18; or (3) is younger than 23 and pursuing higher education. The Board determined that Perry did

not satisfy any of these conditions and that irrespective of the evidentiary issues discussed above, she was ineligible to recover the benefits she seeks. *Opinion* at 5.

Perry's challenge to this determination again is outside the court's jurisdiction. Perry challenges not the validity, scope, or constitutionality of any statute, but the Board's factual determinations and the application of the law to those facts. Congress has placed those determinations beyond our review. *Wanless*, 618 F.3d at 1336.

CONCLUSION

For the foregoing reasons, we lack jurisdiction over Perry's appeal and therefore dismiss.

**DISMISSED**

COSTS

Each party shall bear its own costs.