NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RENE J. ORTEGON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1159

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1889, Chief Judge Robert N. Davis, Judge Mary J. Schoelen, Judge Coral Wong Pietsch.

---

Decided: December 6, 2018

---

RENE J. ORTEGON, Del Rio, TX, pro se.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., TARA K. HOGAN; LARA EILHARDT, BRIAN D. GRIFFIN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before WALLACH, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Rene J. Ortegon appeals the U.S. Court of Appeals for Veterans Claims' ("Veterans Court") memorandum decision affirming the final decision of the Department of Veterans Affairs ("VA") that he was not eligible for a non-service connected death pension based on dependency status. *Ortegon v. Shulkin* (*Ortegon I*), No. 16-1889, 2017 WL 2791330, at *1 (Vet. App. June 28, 2017); *see Ortegon v. Shulkin* (*Ortegon II*), No. 16-1889, 2017 WL 4516649, at *1 (Vet. App. Oct. 10, 2017) (per curiam) (adhering to *Ortegon I*, 2017 WL 2791330, at *1 by a three judge panel) *see also* J.A. 3 (Judgment). Because we lack jurisdiction, we dismiss.

## BACKGROUND

Mr. Ortegon is the adult son of now-deceased U.S. Army veteran Fernando Ortegon ("the Veteran"). *Ortegon I*, 2017 WL 2791330, at *1.[1] In October 2012, Mr. Ortegon filed an application with the VA asserting he was entitled to dependency and indemnity compensation ("DIC") or death pension benefits because he was the Veteran's caretaker for twenty-three years, was dependent on the Veteran's Social Security and VA benefits, and has no current income. Appellee's App. 11–12. In Janu-

———————————

[1] Because the parties do not dispute the Veterans Court's recitation of the facts, we cite to the Veterans Court for the relevant background facts. *See Ortegon I*, 2017 WL 2791330, at *1. *See generally* Appellant's Br.; Appellee's Br.

ary 2013, a VA regional office issued a rating decision denying Mr. Ortegon's Application. *Id*. at 13.

Following the 2013 rating decision, Mr. Ortegon asserted that he was entitled to benefits based on his alleged dependency status as a "helpless child" under 38 U.S.C. § 101(4)(A)(ii) (2012). *Ortegon I*, 2017 WL 2791330, at *1; *see* 38 C.F.R. § 3.57(a) (2016).[2]  In May 2016, the VA determined Mr. Ortegon did not qualify for benefits as a "helpless child" because he never contended that he suffered from any mental or physical disability before reaching the age of eighteen in 1984, he was able to attend college at the age of eighteen, and he has been periodically employed since the age of eighteen. Appellee's App. 12.  The Veterans Court affirmed the VA's decision, explaining that the relief Mr. Ortegon sought "lies with Congress," not the court. *Ortegon I*, 2017 WL 2791330, at *1.

---

[2]    "Child" is defined in § 3.57(a) and § 101(4)(A) as a person under the age of eighteen years, who became permanently incapable of self-support before the age of eighteen years, or is at an approved educational institution and has reached the age of eighteen years but is under the age of twenty-three years.  If a person becomes permanently incapable of self-support before reaching the age of eighteen, they are considered a "helpless child" under both § 3.57(a)(1) and § 101(4)(A). *See Ortegon I*, 2017 WL 2791330, at *1 ("Because Mr. Ortegon is seeking a pension because of medical problems, the Board [of Veterans' Appeals ('Board')] examined his status under the second requirement [of § 101(4)(A)], which is commonly referred to as the 'helpless child' provision.").

DISCUSSION

I. Standard of Review

The scope of our review in an appeal from the Veterans Court "is limited by statute." *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). "Except to the extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). Additionally, "pro se pleadings are to be liberally construed." *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).

II. We Lack Jurisdiction over Mr. Ortegon's Appeal

Mr. Ortegon appears to assert that the Veterans Court erred by not awarding him a death pension under dependency and survivorship because he was the sole caretaker of the Veteran for twenty-three years. *See* Appellant's Br. 1. Specifically, Mr. Ortegon contends that he should be awarded a non-service connected death pension plus six years back pay with cost of living adjustments because of his current hardship. *See id.* We disagree.

Mr. Ortegon fails to present a legal or constitutional challenge to the Veterans Court's Memorandum Decision. For instance, Mr. Ortegon responded to questions asking him to identify what legal provisions were violated by saying "please be more specific." *Id.* (capitalization modified). The Veterans Court ultimately affirmed the VA's Final Decision based on the application of § 3.57(a)'s definition of a "helpless child" to Mr. Ortegon's factual

circumstances, finding he is not a "helpless child" eligible to receive DIC or death pension benefits because he was not permanently disabled before reaching the age of eighteen. *Ortegon I*, 2017 WL 2791330, at \*1; *see Perry v. McDonald*, 578 F. App'x 985, 986 (Fed. Cir. 2014) (per curiam) (finding we lacked jurisdiction where a child of a deceased veteran failed to challenge the validity, scope, or constitutionality of a statute, but rather only contested the factual determinations of the Board and the application of the law to those facts).   Mr. Ortegon does not identify any error in the Veterans Court's interpretation of § 3.57(a) or § 101(4)(A), *see generally* Appellant's Br., but instead argues he is entitled to "survivor's pension" based on "dependency/survivorship," *id*. at 1; *see id*. (explaining that Mr. Ortegon is "requesting a death pension under dependency/survivorship not entitlement to recognition as a helpless child" (capitalization modified)).   Accordingly, we lack jurisdiction over Mr. Ortegon's factual challenge. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing § 7292 to explain that we lack jurisdiction to review challenges to a factual determination or challenges to a law or regulation as applied to the facts).

In affirming the denial of Mr. Ortegon's claim, the Veterans Court stated that, while it is "sympathetic to Mr. Ortegon's situation, the power to redress inequities such as those Mr. Ortegon raises lies with Congress." *Ortegon I*, 2017 WL 2791330, at \*1; *see Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426 (1990) (stating that no equitable considerations can create a right to payments out of the U.S. Department of the Treasury that have not been provided by Congress).   While we would have jurisdiction over a constitutional claim, Mr. Ortegon fails to raise one. *See generally* Appellant's Br.   Instead, Mr. Ortegon simply asserts, without supporting evidence, that he is entitled to a "survivor's pension" because he is the adult child of a veteran. *See id*. at 1.   Although this

court generally interprets the pleadings of a pro se appellant liberally, *see, e.g.*, *Durr*, 400 F.3d at 1380, an appellant's pro se status "does not excuse [the pleadings'] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Therefore, Mr. Ortegon's allegations do not raise a constitutional issue within our jurisdiction.

## CONCLUSION

We have considered Mr. Ortegon's remaining arguments and find them unpersuasive. The appeal from the Judgment of the U.S. Court of Appeals for Veterans Claims is

**DISMISSED**