# United States Court of Appeals for the Federal Circuit

04-7099

LUTHER N. DURR,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

Mark R. Lippman, The Veterans Law Group, of La Jolla, California, argued for claimant-appellant.

Leslie Cayer Ohta, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC; and Y. Ken Lee, Attorney. Of counsel were Donald E. Kinner, Assistant Director, Commercial Litigation Branch; and Christina C. Ashworth, Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Former Chief Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

04-7099

LUTHER N. DURR,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: March 11, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

DYK, Circuit Judge.

Luther N. Durr ("Durr") appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans' Court"), which dismissed his appeal for failure to file a timely notice of appeal. Durr v. Principi, 17 Vet. App. 486 (2004). Because we find that the Veterans' Court misconstrued the notice of appeal requirements of Rule 3 of the Rules of Practice and Procedure of the Court of Appeals for Veterans Claims, we reverse and remand for further proceedings.

## BACKGROUND

In 1997, the Department of Veterans Affairs ("VA") denied Durr's claims for cervical spine disorder and tinnitus. Durr appealed to the Board of Veterans' Appeals ("Board"). On September 28, 2000, the Board also denied Durr's claim.

On December 6, 2000, Durr filed a motion for reconsideration with the Board. The Board denied reconsideration on January 9, 2001. Attached to the Board decision was a standard appeal notice, which stated: "You have the right to appeal this decision to the United States Court of Appeals for Veterans Claims . . . . A Notice of Appeal must be filed with the Court within 120 days from the date of mailing of the notice of the BVA's decision."

On January 29, 2001, within the 120 day period, the Veterans' Court received a document with Durr's printed name and signature, titled "Memorandum", and addressed to the Board (the "notice"). In bold type, the notice stated: "I hear by [sic] request the Court of Appeals for Veterans Claims, to file my appeal with the court." (J.A. at 8.) The body of the document then discussed the issues raised by the Board decision, stating: "Treatments at medical facilities . . . show an old injury consistent to [sic] the type of head trauma I received in service as a boxer," and later stating: "On the issue of Tinnitus, evidence of record does show an in head trauma." (Id.) The notice arrived at the Veterans' Court in an envelope bearing the return address of a VA facility in California. It did not have Durr's address, telephone number, or VA claims file number.

On January 31, 2001, the Veterans' Court sent Durr an information sheet on how to appeal to the Veterans' Court, along with a notice of appeal form. Durr filed a pro se notice of appeal with the Veterans' Court on July 18, 2001, 190 days after the Board's reconsideration decision. The Veterans' Court issued an order for Durr to show cause why the appeal should not be dismissed as untimely. Durr, having secured counsel, responded. The Veterans' Court eventually found that the January 29 notice of appeal did not satisfy the requirements for a valid notice of appeal, and that the July 18 notice

of appeal was untimely. The Veterans' Court thus dismissed the appeal for lack of jurisdiction.

Durr appealed to this court. While the appeal was pending, we decided Jaquay v. Principi, 304 F.3d 1276 (Fed. Cir. 2002) (en banc), which held that a motion for reconsideration misfiled with the regional office of the VA instead of the Board may trigger equitable tolling of the 120 day notice of appeal period. In light of our Jaquay decision, the VA moved unopposed for a remand to the Veterans' Court, which was granted. Durr v. Principi, 66 Fed. Appx. 884 (Fed. Cir. 2003). On remand, in a published opinion, the Veterans' Court again determined that there was no timely notice of appeal, and thus it lacked jurisdiction. The Veterans' Court concluded that the January 29 notice was fatally defective as a notice of appeal because the notice "in no way indicated in that document which [Board] decision he sought to appeal. . . . Moreover . . . , he did not include in the document his address, telephone number, and VA claims file number." 17 Vet. App. at 493. The Veterans' Court also rejected Durr's argument that his January 29 notice was a second motion for reconsideration.[1]

Durr appeals to this court.

DISCUSSION

I

We must first consider whether we have jurisdiction in this case. We review decisions of the Veterans' Court pursuant to 38 U.S.C. § 7292. Under 38 U.S.C.

---

[1] In view of our conclusion that Durr's January 29 notice conferred jurisdiction on the Veterans' Court, we do not reach the question of whether it may also be properly considered a second motion for reconsideration. Nor need we decide whether a second motion for reconsideration tolls the 120 day statutory notice of appeal period. See generally Perez v. Derwinski, 2 Vet. App. 149 (1992).

§ 7292(d)(2), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that an appeal raises a constitutional issue. The government contends that the case involves an application of law to fact, namely the application of the law regarding requirements of a notice of appeal to the facts of Durr's notice.

The government misunderstands § 7292(d)(2). "[W]e . . . have jurisdiction to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." Szemraj v. Principi, 357 F.3d 1370, 1375 (Fed. Cir. 2004). "[W]hen the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the . . . claim, this court has treated the question . . . as a matter of law that we are authorized by statute to address." Bailey v. Principi, 351 F.3d 1381, 1384 (Fed. Cir. 2003). The material facts concerning the content of Durr's notice of appeal are not in dispute, and our interpretation of the legal requirements governing notices of appeal will dictate the outcome in this case. In these circumstances, the issue before us is one of law, and we have jurisdiction.

II

A

The issue in this case is whether the Veterans' Court properly interpreted the requirements of a notice of appeal. Notices of appeal are required by 38 U.S.C. § 7266, which provides that "[i]n order to obtain review by the Court of Appeals for Veterans Claims . . . , a person . . . shall file a notice of appeal with the Court within 120 days after the date on which notice of the [Board] decision is mailed." Pursuant to this

statutory requirement, Rule 3(c) of the Rules of the Court of Appeals for Veterans Claims ("CAVC Rule 3") prescribes the content of a notice of appeal. CAVC Rule 3 is modeled after Rule 3 of the Federal Rules of Appellate Procedure ("FRAP").[2] <u>Calma v. Brown</u>, 9 Vet. App. 11, 14 (1996). The language of the rule is not discussed in the Veterans' Court's opinion. The language of the rule is important, especially because there are two versions of the rule that are potentially relevant. The rule in effect at the time of the filing of the first notice, namely January 29, 2001, stated:

> (c) Content. The Notice of Appeal shall:
> (1) name the party or parties taking the appeal;
> (2) designate the Board decision appealed from; and
> (3) include the addresses of the appellant(s) and of any representative.
>
> Form 1 in the Appendix of Forms is a suggested form of Notice of Appeal. An appeal will not be dismissed for informality of the Notice of Appeal.

38 U.S.C. app. Rule 3(c) (2000).

The rule was subsequently amended. On the date of the Veterans' Court's decision and presently, Rule 3(c) states:

> (c) Content. The Notice of Appeal . . . must —

---

[2]     FRAP 3(c) provides:
(c) Contents of the Notice of Appeal.
  (1) The notice of appeal must:
    (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";
    (B) designate the judgment, order, or part thereof being appealed; and
    (C) name the court to which the appeal is taken.
  . . . .
  (4) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.
  (5) Form 1 in the Appendix of Forms is a suggested form of a notice of appeal.

> (1) show the most recent name, address, and telephone number of the person or persons taking the appeal, and the appropriate Department of Veterans Affairs (VA) claims file number;
> (2) reasonably identify the Board decision appealed from and be able to be reasonably construed, on its face or from the surrounding circumstances, as expressing an intent to seek Court review of that decision; and
> (3) if filed by a representative other than one making a limited appearance, be accompanied by a notice of appearance and its attachments.  See Rule 46(d)(2) and (6).

> Form 1 in the Appendix of Forms is a suggested, but not required, form for a Notice of Appeal.  Correspondence will be liberally construed in determining whether it is a Notice of Appeal.

Ct. App. Vet. Cl. R. 3(c) (2004).  The first version will be referred to as the "2000 rule" and the second as the "2004 rule."

Subsection (c)(1) of the 2004 rule imposed new requirements that a notice of appeal show the appellant's telephone number and VA claims file number.  The 2004 rule, however, may be viewed as liberalizing the requirements of the rule in other respects.

We must therefore consider which version of the rule applies.  Absent clearly expressed intent to the contrary, statutes and regulations are presumed not to have retroactive effect.  INS v. St. Cyr, 533 U.S. 289, 316 (2001).  Moreover, "a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms."  Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988).  The Veterans' Court's statutory grant of rulemaking authority does not contain any authorization for retroactive rulemaking.  See 38 U.S.C. § 7264(a) (2000).  Applying the 2004 rule to Durr's notice of appeal would have impermissible retroactive effect if it

would render invalid a notice that was valid when filed. Therefore, the 2004 rule is inapplicable and the requirements of the 2000 rule govern Durr's notice of appeal.

B

The adequacy of a notice of appeal must be determined with two background interpretative principles in mind. The first principle is that notices of appeal are to be liberally construed. See Smith v. Barry, 502 U.S. 244, 248 (1992) ("Courts will liberally construe the requirements of [FRAP] Rule 3."). The 2000 rule provides that "[a]n appeal will not be dismissed for informality of the Notice of Appeal," and the 2004 rule provides that "[c]orrespondence will be liberally construed in determining whether it is a Notice of Appeal." In explaining the similar language of FRAP 3(c), upon which CAVC Rule 3(c) was based, the advisory committee notes state that "so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." The second background principle is that pro se pleadings are to be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9-10 (1990); Forshey v. Principi, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc).

C

The Veterans' Court appeared to conclude that Durr's notice of appeal was deficient for three separate reasons, even though, as the government concedes, there has been no prejudice.[3] We disagree with each of the reasons given by the Veterans' Court.

---

[3] We note that the Veterans' Court was able to determine the Board decision appealed from and Durr's address. The court mailed information to Durr within two days of receiving his notice of appeal.

First, the Veterans' Court held that the notice failed to "designate the Board decision appealed from," because the notice did not specifically identify the Board decision from which the appeal was taken. The government attempts to support the Veterans' Court's decision in this respect, characterizing the appellant's argument to the contrary as "specious." (Br. of Appellee at 10.) We disagree with the Veterans' Court's interpretation of CAVC Rule 3(c).

In interpreting FRAP 3(c)(1)(B), which, in similar language, requires that a notice of appeal "designate the judgment, order, or part thereof being appealed," the Supreme Court has held that whether a lower court judgment is designated should be determined "in light of all the circumstances." FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 n.6 (1991). Moreover, the 2004 rule expressly states that the issue of whether a Board decision has been identified should be determined by reference to the surrounding circumstances. While the new rule is not retroactive, the rulemaking concerning the 2004 rules sheds light on the proper understanding of the 2000 rule. The language of the 2004 rule was expressly adopted to incorporate the understanding of the 2000 rule reflected in Calma, 9 Vet. App. at 15, that a notice of appeal "need not contain a literal statement that a [Board] decision is being appealed to the Court, as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court." In Re Rules of Practice & Proc., Misc. No. 1-02 (Vet. App. Sept. 17, 2002). It is therefore clear that a Board decision need only be reasonably identified in light of the surrounding circumstances.

The government argues that "Durr makes no reference, however oblique, to any board decision." (Br. of Appellee at 10 (internal quotations omitted).) We disagree.

Durr's notice of appeal identified the Board decision being appealed, when considered in light of the surrounding circumstances. The Board decision from which appeal was sought stated that the issues in the case were "Entitlement to service connection for tinnitus," and "Entitlement to service connection for a cervical spine disorder." The Board decision noted that "the veteran attributed both currently claimed conditions to boxing injuries he received in service in February 1966." Durr's notice was addressed to the "Board of Veterans Appeal," and stated in bold type: "I hear by [sic] request the Court of Appeals for Veterans Claims, to file my appeal with the court." (J.A. at 8.) The notice identified the Board decision by stating that: "Treatments at medical facilities . . . show an old injury consistent to [sic] the type of head trauma I received in service as a boxer," and "[o]n the issue of Tinnitus, evidence of record does show an in head trauma." (Id.) There is no suggestion that these issues were the subject of multiple Board decisions. We think that Durr clearly (though inartfully) identified the underlying Board decision, by identifying the issues decided by the Board.

Second, the Veterans' Court held that the notice was deficient because it did not contain Durr's telephone number or VA claims file number. This ground of decision is not supported by the government on appeal, and is manifestly incorrect. As discussed above, these requirements were not in effect at the time Durr filed his notice, and they cannot retroactively invalidate Durr's notice of appeal.

Third, the Veterans' Court held that the notice of appeal was deficient because it failed to "include the address[ ] of the appellant." CAVC Rule 3(c)(3). Again the government on appeal does not support this aspect of the ruling, but as the sufficiency of a notice of appeal is potentially a jurisdictional issue, we will address it. See Graves

v. Gen. Ins. Corp., 381 F.2d 517, 518 (10th Cir. 1967) ("[T]he appellate court itself, with or without motion, may dismiss for lack of jurisdiction, if it considers the notice of appeal fatally defective."); Trivette v. N.Y. Life Ins. Co., 270 F.2d 198, 199 (6th Cir. 1959) ("[I]f the Court regards the notice of appeal as being insufficient, it can at any time, with or without motion, itself raise the jurisdictional question.").

Unlike the requirements of naming the appellant and designating the decision appealed from, there is no corresponding provision in FRAP requiring that an address be provided in the notice of appeal. In 1988, when the Court of Veterans Appeals was created as the predecessor to the Veterans' Court, Congress defined the jurisdiction of that court, requiring that "[i]n order to obtain review by the Court . . . , a person . . . must file a notice of appeal with the Court." Veterans Judicial Review Act, Pub. L. No. 100-687, sec. 301, § 4066, 102 Stat. 4105, 4116 (1988) (codified as amended at 38 U.S.C. § 7266 (2000)). This statute was enacted against the background of FRAP 3(c), and we think intended to define a notice of appeal in terms of the requirements of FRAP. This is confirmed by the statute's adoption of FRAP Rule 3, together with the remainder of FRAP, as interim rules for the Court of Veterans Appeals. Court of Veterans Appeals Judges Retirement Act, Pub. L. No. 101-94, § 203, 103 Stat. 617, 627 (1989).

At the time of the creation of the Court of Veterans Appeals, the Supreme Court had decided Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), holding that the requirements enumerated in FRAP 3(c) were jurisdictional, and making clear that these requirements were necessary to serve the fundamental objectives of a notice of appeal "to provide notice both to the opposition and to the court." Id. at 318; see Smith, 502 U.S. at 248. The Court held that, in the absence of clear identification of the appellant

04-7099                                    10

under FRAP 3(c)(1)(A), there would be uncertainty "whether a losing party not named in the notice of appeal should be bound by an adverse judgment." Torres, 487 U.S. at 318. Likewise, failure to designate the judgment appealed from under FRAP 3(c)(1)(B) would lead to uncertainty as to the scope of an appellate decision. The requirement of an address was not (and is not) one of the enumerated jurisdictional requirements of FRAP 3(c), nor does an address requirement serve any of these central purposes of a notice of appeal recognized in Torres. See Intercargo Ins. Co. v. United States, 83 F.3d 391, 395 (Fed. Cir. 1996) ("[I]t is not the case . . . that any . . . notice that does not strictly conform to the 'form and manner' prescribed in the regulation is ineffective . . . . [N]ot all deviations from the requirements of the statute or regulation would affect the interests that the statute and regulation are designed to protect."). We conclude that the statutory notice of appeal requirement cannot be read to require the inclusion of an address as a jurisdictional requirement.

The Veterans' Court, under its statutory rulemaking authority, 38 U.S.C. § 7264(a), can impose additional procedural requirements, and sanction for violations of those requirements. See 38 U.S.C. § 7265 (2000); Ct. App. Vet. Cl. R. 3(a); cf. In re Violation of R. 28(c), 388 F.3d 1383 (Fed. Cir. 2004). But "[t]he procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional." Schacht v. United States, 398 U.S. 58, 64 (1970). The Veterans' Court's rules "do not extend or limit the jurisdiction of the Court as established by law," Ct. App. Vet. Cl. R. 1(b), particularly since the Veterans' Court's rules, unlike FRAP, do not have the status of a congressional statute. See 28 U.S.C. § 2072(b) (2000). Under these circumstances the Veterans' Court's rules cannot limit the jurisdiction of the Veterans'

Court.  We thus construe the requirement of an address in Rule 3(c)(3) to be an additional procedural requirement rather than an additional jurisdictional requirement for a notice of appeal.  Contrary to the decision of the Veterans' Court, the failure of the appellant to provide an address did not defeat the Veterans' Court's jurisdiction.[4]

CONCLUSION

The Veterans' Court's dismissal is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED

COSTS

No costs.

---

[4]     The Veterans' Court noted that Durr's notice of appeal appears to have been misfiled with the VA and forwarded by the VA to the Veterans' Court, but reserved the question of whether an appellant must personally file the notice.  17 Vet. App. at 494.  There is no need for an appellant to personally file the notice of appeal.  All that is required is that the Veterans' Court receive the notice within the statutory period, as it did.  We note that even had the VA not forwarded the notice to the Veterans' Court, misfiling a notice of appeal with the VA could trigger equitable tolling.  Brandenburg v. Principi, 371 F.3d 1362, 1364 (Fed. Cir. 2004); Santana-Venegas v. Principi, 314 F.3d 1293, 1298(Fed. Cir. 2002).