NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE E. MAYERS, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1519

---

Petition for review of the Merit Systems Protection Board in No. DE-0330-16-0050-I-1.

---

Decided: June 6, 2017

---

GEORGE E. MAYERS, JR., Fort Carson, CO, pro se.

SARA B. REARDEN, Office of General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before PROST, *Chief Judge,* O'MALLEY and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner George E. Mayers, Jr. appeals a final order of the Merit Systems Protection Board ("MSPB") dismissing his appeal for untimeliness. *See Mayers v. Dep't of the Army*, No. DE-0330-16-0050-I-1 (M.S.P.B. Dec. 13, 2016) (Resp't's Suppl. App. 1−8). We *affirm*.

## BACKGROUND

Mr. Mayers worked as a cook at Fort Ord, California for the U.S. Department of the Army until his termination in 1994 as part of a reduction in force upon Fort Ord's closure. *Id.* at 2, 36, 38. He was given priority placement registration and shortly thereafter re-hired at Fort Carson, Colorado. *Id* at 2, 39. Mr. Mayers retired from the federal service in 2004 and filed the instant appeal with the MSPB in 2015, alleging that his priority placement in 1994 entitled him to a vacant position at a higher grade and that his hiring as a cook at Fort Carson constituted a demotion "without cause." *Id.* at 34; *see id.* at 2−3.

An administrative judge ("AJ") initially handled the appeal and ordered Mr. Mayers to show that his appeal was timely filed or that there was good cause for his delay. *Id.* at 19−23. Mr. Mayers responded with a partially revised appeal form asserting the effective date of the contested agency action was in 2011 rather than in 1994 and provided various documents detailing, inter alia, his hip replacement surgery, bankruptcy filing, and litigation in district court. *Id.* at 3, 6−7, 40. The AJ then issued his initial decision dismissing Mr. Mayers's appeal as untimely filed without a showing of good cause. *Id.* at 1−8. The AJ found that Mr. Mayers "did not . . . address why he did not file an appeal until more than [twenty] years after the originally proffered date or more than four years after the newer, more recent date for the action at issue." *Id.* at 3.

The Initial Decision became final following expiration of the time to appeal the decision to the full MSPB. *See id.* at 8. Mr. Mayers appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

### I. Standard of Review and Legal Standard

We must affirm a final decision of the MSPB unless, inter alia, it constitutes "an abuse of discretion." 5 U.S.C. § 7703(c)(1) (2012). The MSPB abuses its discretion when "its decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) follows from a record that contains no evidence on which the [MSPB] could rationally base its decision." *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994) (internal quotation marks, alteration, and citation omitted).

"[A]n appeal [to the MSPB] must be filed no later than [thirty] days after the effective date . . . of the action being appealed, or [thirty] days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1) (2015). An appeal will be dismissed as untimely if it is not submitted within this timeframe "unless a good reason for the delay is shown." *Id.* § 1201.22(c). The MPSB has identified several factors that it considers in determining whether good cause warrants waiving a refiling deadline:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a show-

ing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citation omitted); *see Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) (similar). The waiver of a filing deadline based on a showing of good cause "is a matter committed to the [MSPB]'s discretion[,] and this court will not substitute its own judgment for that of the [MSPB]." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) (citations omitted).

## II. The MSPB Did Not Abuse Its Discretion When It Declined to Waive Its Filing Deadline

Mr. Mayers argues that the MSPB made several errors in its decision to dismiss his appeal as untimely. *See* Pet'r's Br. 1. While this court generally interprets the pleading of a pro se party liberally, *see, e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), a party's pro se status "does not excuse [the pleading's] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Here, Mr. Mayers offers no arguments directly responding to the question of timeliness for us to construe. His petition states that the errors of the MSPB include failure to take into account documents showing the "priority list," "retention of pay," "demotion . . . without cause," and "fail[ure] to place [Mr. Mayers] into [a higher work] slot that was available." Pet'r's Br. 1. He also states that he was "compared to another George E. Mayers" inappropriately. *Id.* None of Mr. Mayers's arguments, however, offer reasons for finding good cause to waive the untimeliness of his petition. *See Walls*, 29 F.3d at 1582 (listing factors relevant to the inquiry here).

The AJ did not abuse his discretion in dismissing Mr. Mayers's appeal as untimely filed. The AJ analyzed all relevant documents provided by Mr. Mayers, including

evidence of hip surgery before the timeliness order issued in 2015, Resp't's Suppl. App. 6–7; his bankruptcy filing in 2003, *id.* at 7; and Mr. Mayers's litigation in district court on unrelated issues in 2006, *id.* The AJ offered reasoned explanations why those documents did not support a finding of good cause related to the twenty-year delay in filing or, accepting the 2011 revised effective date for the contested agency action, the four-year delay. *Id.* at 6–8. Finally, the AJ took all factors that weighed against a finding of waiver and balanced them against Mr. Mayers's pro se status. *Id.* at 6. The AJ offered a well-reasoned, thorough opinion for his denial of waiver for untimeliness, and Mr. Mayers has not offered evidence that the MSPB abused its discretion here.

## CONCLUSION

We have considered Mr. Mayers's remaining arguments and find them unpersuasive. Accordingly, the Final Order of the Merit Systems Protection Board is

## **AFFIRMED**

## COSTS

No costs.