NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DANY ROJAS-VEGA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-1475

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01520-NBF, Senior Judge Nancy B. Firestone.

_____

Decided: August 8, 2019

_____

DANY ROJAS-VEGA, Cocal, Puntarenas, Costa Rica, pro se.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

_____

Before WALLACH, CLEVENGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Dany Rojas-Vega sued Appellee United States ("Government") in the U.S. Court of Federal Claims. S.A. 1–6 (Complaint).[1] Mr. Rojas-Vega alleges that, in August 2001, the U.S. Immigration and Naturalization Service ("INS") improperly initiated deportation proceedings against him, breaching an October 1995 plea agreement that Mr. Rojas-Vega had entered into in state court. S.A. 3–5. Mr. Rojas-Vega seeks monetary and punitive damages against the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (as the successor to INS), S.A. 2, 5, claiming: (1) Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (2012), violations; (2) "due process and equal protection" violations; and, (3) breach of contract, S.A. 2–5. Mr. Rojas-Vega filed a motion for leave to file electronically. S.A. 8–13. The Court of Federal Claims denied Mr. Rojas-Vega's motion to file electronically, *Rojas-Vega v. United States*, No. 1:18-cv-01520-NBF (Fed. Cl. Oct. 29, 2018) (Order) (S.A. 16), and dismissed his Complaint for lack of subject-matter jurisdiction, *Rojas-Vega v. United States*, No. 1:18-cv-01520-NBF (Fed. Cl. Nov. 30, 2018) (Order of Dismissal) (S.A. 26–29); *see Rojas-Vega v. United States*, No. 1:18-cv-01520-NBF (Fed. Cl. Nov. 30, 2018) (Judgment) (S.A. 30). Mr. Rojas-Vega appeals the Court of Federal Claims' denial of his motion to file electronically. He does not appeal the Court of Federal Claims' dismissal of his Complaint for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We affirm.

---

[1]    S.A. refers to the Government's Supplemental Appendix attached to its response brief.

"We review the Court of Federal Claims' decision to dismiss a case for lack of subject[-]matter jurisdiction de novo." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citation omitted). Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action," but instead requires the plaintiff to identify a "money-mandating" source of law, i.e., "a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). For a source of substantive law to be money-mandating, it must be "reasonably amenable to the reading that it mandates a right of recovery in damages" against the Government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). Further, 28 U.S.C. § 1500 divests the Court of Federal Claims of Tucker Act jurisdiction if, at the time the plaintiff files a complaint with the Court of Federal Claims, the plaintiff also "has pending in any other court any suit or process against the United States" that is "for or in respect to" the same claim. 28 U.S.C. § 1500; *see Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (holding that § 1500 jurisdiction "depends upon the state of things at the time of the action brought" (internal quotation marks and citation omitted)). We generally interpret the pleadings of a pro se plaintiff liberally. *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005).

The Court of Federal Claims did not err in dismissing Mr. Rojas-Vega's Complaint for lack of subject-matter jurisdiction. First, the Court of Federal Claims did not have jurisdiction over Mr. Rojas-Vega's FTCA claims because, by the plain language of the Tucker Act, the Court of Federal

Claims does not have jurisdiction over torts. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (explaining that "[t]he plain language of the Tucker Act excludes" tort claims from the jurisdiction of the Court of Federal Claims). Second, the Court of Federal Claims did not have jurisdiction over Mr. Rojas-Vega's constitutional due process and equal protection claims because neither the Fifth Amendment Due Process clause nor the Fourteenth Amendment Due Process and Equal Protection clauses are money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that "the Due Process Clauses of the Fifth and Fourteenth Amendments" and "the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction" under the Tucker Act "because they do not mandate payment of money by the government"). Third, the Court of Federal Claims did not have jurisdiction over Mr. Rojas-Vega's breach of contract claims because, at the time he filed his Complaint with the Court of Federal Claims, Mr. Rojas-Vega had a complaint "based on substantially the same operative facts" pending before the U.S. District Court for the Southern District of California. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011) (explaining that "two suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit"); *see also* 28 U.S.C. § 1500.[2] The Court of Federal

---

[2]    Mr. Rojas-Vega does not dispute that he had "identical claims . . . pending" in the U.S. District Court for the Southern District of California when he filed his Complaint in the Court of Federal Claims. Appellant's Supp. Br. 2; *see Rojas-Vega v. United States*, 2018 WL 4680136, at *1

Claims did not err in dismissing Mr. Rojas-Vega's Complaint for lack of subject-matter jurisdiction.[3]

On appeal, Mr. Rojas-Vega seeks reversal of the Court of Federal Claims' denial of his motion to file electronically. Appellant's Br. 1–2. Where, as here, the lower court does not have subject-matter jurisdiction, we "have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting [any] error of the [lower court] in entertaining suit." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)). Perceiving no such error in the Court of

---

(S.D. Cal. Sept. 28, 2018) (order dismissing plaintiff's first amended complaint without prejudice) (summarizing Mr. Rojas-Vega's September 11, 2018 Complaint as alleging breach of contract against DHS, ICE, and INS based on his 1995 plea agreement).

[3]     Contrary to Mr. Rojas-Vega's arguments, *see* Appellant's Supp. Br. 2–3, he could not cure this jurisdictional deficiency by seeking subsequent dismissal of his non-Court of Federal Claims suit, nor could the Court of Federal Claims cure it for him through Rule 60 of the U.S. Court of Federal Claims (Relief from Judgement or Order), *Keene,* 508 U.S. at 207 (holding that 28 U.S.C. § 1500 jurisdiction "depends upon the state of things at the time of the action brought" and that "once the lines are drawn" limitations such as § 1500 "must be neither disregarded nor evaded" (internal quotation marks and citations omitted)). While we may interpret the pleadings of a pro se plaintiff liberally, *see Durr*, 400 F.3d at 1380, we may not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (explaining that, while "leniency with respect to mere formalities should be extended to a pro se party," a court "may not similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only").

Federal Claims' determination, we do not reach the question of Mr. Rojas-Vega's motion to file electronically. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Chinese Univ. of Hong Kong*, 860 F.3d 1367, 1374 (Fed. Cir. 2017) (explaining that "the activities in the [lower] court are a nullity when the [lower] court lacks subject[-]matter jurisdiction").[4]

## CONCLUSION

We have considered Mr. Rojas-Vega's remaining arguments and find them unpersuasive. Accordingly, the Judgment of the U.S. Court of Federal Claims is

## AFFIRMED

## COSTS

No costs.

---

[4] Similarly, we do not reach Mr. Rojas-Vega's Motion for Other Relief, Mot. For Other Relief, ECF No. 45 (requesting we instruct the Court of Federal Claims to initiate discovery in his case), as the Court of Federal Claims does not have jurisdiction, *see Steel Co.*, 523 U.S. at 95.