NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GORDON PEKRUL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-2407

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01234-MMS, Chief Judge Margaret M. Sweeney.

---

Decided: February 5, 2020

---

GORDON PEKRUL, Wittmann, AZ, pro se.

SHERRA TINYI WONG, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Gordon Pekrul filed a complaint with the United States Court of Federal Claims, alleging that the Internal Revenue Service, engaging in tax collection, had illegally collected some of his assets. The Court of Federal Claims held that it lacked subject-matter jurisdiction over Mr. Pekrul's claims and dismissed his complaint. We affirm.

I

The Internal Revenue Service (IRS) has asserted that Mr. Pekrul owes the United States millions of dollars in taxes for tax years 2002–2007. To collect the taxes assertedly owed, the IRS has placed liens on Mr. Pekrul's property and has garnished his Social Security benefits.

In May 2018, Mr. Pekrul filed a petition with the United States Tax Court challenging the IRS's assessment of taxes for the years 2000–2017. The IRS, as respondent, moved to dismiss the petition for lack of jurisdiction on various grounds. The Tax Court granted the motion.

In August 2019, Mr. Pekrul filed this action against the United States in the Court of Federal Claims. He alleges that the government has injured him "in the amount of $9,721,832.93 by collecting assets without jurisdiction." S.A. 7. His damages are the sum of what he states is the value of the liens against his property—$9,682,592.93— and the garnishments of his Social Security benefits— $39,240.00. *Id.* Attached to his complaint are the Tax Court's order of dismissal for lack of jurisdiction, the IRS's motion to dismiss in the Tax Court, and a cover sheet indicating that his suit relates to individual income taxation.

The Court of Federal Claims, on its own motion, dismissed Mr. Pekrul's complaint for lack of jurisdiction. *Pekrul v. United States*, 144 Fed. Cl. 556, 557 (2019). The court reasoned that it lacks jurisdiction to hear an illegal collection claim or a wrongful levy claim. *Id.* at 559. The court also held that the complaint did not come within its

jurisdiction over tax refund claims because Mr. Pekrul had not fulfilled prerequisites to bring a tax refund claim. *Id.* at 559–60. The court entered final judgment on August 28, 2019.

Mr. Pekrul timely filed a notice of appeal. S.A. 10; 28 U.S.C. §§ 2107, 2522. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

On appeal, Mr. Pekrul argues that the Court of Federal Claims failed to consider the evidence showing his injury and should have considered his claim under the Fourth Amendment.

We review de novo the court's dismissal for lack of subject-matter jurisdiction under the Tucker Act. *Alpine PCS, Inc. v. United States*, 878 F.3d 1086, 1092 (Fed. Cir. 2018); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In reviewing a dismissal made on the complaint, we accept as true all factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Although we generally interpret the pleadings of a *pro se* plaintiff liberally, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)), *pro se* status cannot excuse a failure to demonstrate that jurisdictional requirements are met, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party seeking relief from the court bears the burden of establishing the court's jurisdiction. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

## A

Although the exhibits attached to the complaint, and the dollar value of the alleged injury, might suggest that Mr. Pekrul is seeking a tax refund, the complaint does not come within the Court of Federal Claims' jurisdiction over tax refund claims. A taxpayer seeking a refund of taxes erroneously or illegally assessed or collected may bring an

action against the government in the Court of Federal Claims. 28 U.S.C. § 1346(a)(1). But there are two prerequisites to the court's jurisdiction over such a claim: *first*, the taxpayer must have already paid the disputed taxes in full, *Flora v. United States*, 357 U.S. 63, 75–76 (1958); *second*, the taxpayer must have sought a refund from the IRS before suing in the Court of Federal Claims. 26 U.S.C. § 7422(a). Mr. Pekrul has not shown that either prerequisite was met. Therefore, the Court of Federal Claims lacked jurisdiction to hear Mr. Pekrul's complaint as a claim for a tax refund.

## B

Mr. Pekrul's complaint contains allegations of fraudulent tax collection: it alleges that the government has "maliciously" "collected assets . . . without jurisdiction" resulting in "ill gotten gains." S.A. 8. But a claim of fraudulent tax collection is essentially a tort claim. The Court of Federal Claims lacks jurisdiction over such a claim, as it "sound[s] in tort." 28 U.S.C. § 1491; *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

In certain circumstances, an action may be brought against the federal government to challenge a tax levy, 26 U.S.C. § 7426; to seek damages for failure to release a lien, *id.*, § 7432; or to seek damages for a collection action that recklessly or intentionally disregards the law, *id.*, § 7433. But the Court of Federal Claims lacks jurisdiction to hear such an action. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

## C

In his informal brief to this court, Mr. Pekrul argues that the Court of Federal Claims should have applied the Fourth Amendment, implying that the IRS's assessment of taxes against him, and its use of liens and garnishments to collect those taxes, violated his right to be secure in his person, houses, papers, and effects. This characterization does

not aid Mr. Pekrul in identifying a claim within the Court of Federal Claims' jurisdiction.

Although some claims founded upon the Constitution are within the Court of Federal Claims' jurisdiction, a plaintiff making such a claim must demonstrate that the source of substantive law he relies upon can "fairly be interpreted as mandating compensation by the federal government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (internal quotation marks and citation omitted). The Fourth Amendment does not mandate compensation by the federal government for damages sustained. *See id.*; *Brown*, 105 F.3d at 623. Therefore, Mr. Pekrul's Fourth Amendment claim is outside the jurisdiction of the Court of Federal Claims. *Brown*, 105 F.3d at 623–24.

## III

Because Mr. Pekrul has not shown that he has a claim within the jurisdiction of the Court of Federal Claims, we affirm the judgment dismissing the case.

### **AFFIRMED**