NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER L. COPELAND,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2020-1320

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-19-0516-I-1.

---

Decided: May 10, 2021

---

CHRISTOPHER L. COPELAND, Topeka, KS, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN MATTHEW BOYNTON, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.; PATRICK L. GARY, Civilian Personnel Litigation Branch, United States Army Litigation Division, Fort Belvoir, VA.

---

Before MOORE, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Christopher Copeland appeals a final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. J.A. 9–10; *see also Copeland v. Dep't of the Army*, No. DA-0752-19-0516-I-1, 2019 WL 5529895 (M.S.P.B. Oct. 23, 2019). Because the Board did not improperly dismiss, we *affirm*.

## BACKGROUND

Mr. Copeland worked as a sandblaster for the Army. On August 7, 2017, he was reported for being intoxicated in a work area and cited for Public Intoxication. J.A. 50. Based on that incident, the Army proposed removing Mr. Copeland from employment. *Id.* To avoid removal, Mr. Copeland entered into a Last Chance Agreement (LCA) with the Army. J.A. 46. For a period of two years beginning on November 20, 2017, he agreed to "avoid alcohol consumption prior to and during the hours of work," to "never report to work or perform official duties with alcohol and/or an illegal substance in [his] system," and to submit to random alcohol testing. J.A. 46–47; *see also* J.A. 48–49. The LCA noted that failure to comply with any of those requirements would constitute breach, J.A. 47–48, and that any breach could result in Mr. Copeland's removal "immediately without prior notice," J.A. 48. Mr. Copeland expressly "waive[d] all appeal rights," including those to the Merit Systems Protection Board. J.A. 48.

On May 13, 2019, Mr. Copeland submitted to random alcohol breathalyzer tests that indicated a blood alcohol level of 0.081 and 0.085. J.A. 59. The Directorate for Emergency Services Law Enforcement Division cited Mr. Copeland for "Public Intoxication Endangering." J.A. 54. On May 16, 2019, the Army advised Mr. Copeland of his removal effective May 21, 2019, because he breached the LCA by "being on duty under the influence of alcohol." J.A.

54. The Army advised Mr. Copeland he could appeal the removal decision if he believed it breached the LCA. J.A. 55.

Mr. Copeland appealed his removal to the Board. The Board determined Mr. Copeland failed to prove it had jurisdiction over his appeal because he did not show he complied with the LCA. It therefore dismissed his appeal. On November 27, 2020, the Board decision became final. Mr. Copeland appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. We must affirm a Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). "It is settled that an employee can waive the right to appeal in a last-chance agreement." *Gibson v. Dep't of Veterans Affs.*, 160 F.3d 722, 725 (Fed. Cir. 1998). To overcome a waiver, an employee must show that (1) he complied with the agreement; (2) the agency materially breached the agreement; or (3) he did not enter into the agreement knowingly and voluntarily. *See Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1338 (Fed. Cir. 2001); *Link v. Dep't of Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).

Mr. Copeland does not argue that the Army breached the LCA or contest that he voluntarily entered into it. Instead, he presents two arguments for how he complied with the LCA and, thus, did not waive his appeal rights. Neither argument is persuasive.

First, he argues that the district court's dismissal of his citation for public intoxication shows he complied with the LCA. The government declined to prosecute the criminal citation because "it was based on an Intoxilyzer test that

was given for administrative compliance purposes only." J.A. 69. The dismissal said nothing that casts doubt on the accuracy of the Intoxilyzer results, J.A. 68, which showed a blood alcohol level of 0.081 and 0.085, J.A. 59. We see no error in the Board's determination that the district court's dismissal does not demonstrate Mr. Copeland complied with the LCA. *See* J.A. 9.

Second, Mr. Copeland argues, with no evidentiary support of any kind, that he was not under the influence of alcohol. The government responds that this argument is waived. Government Informal Resp. Br. at 11. Given Mr. Copeland argued that he did not breach the LCA, that the breathalyzer was not properly calibrated or was broken, and that he had previously received false positive breathalyzer results, we understand Mr. Copeland to have argued that he was not intoxicated while on duty. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) ("pro se pleadings are to be liberally construed"). The Board's dismissal for lack of jurisdiction, however, was based at least in part on the intoxilyzer results showing Mr. Copeland was intoxicated while on duty. Substantial evidence, therefore, supports the Board's finding that Mr. Copeland failed to show he complied with the LCA. On this record, we see no error in the Board's dismissal.

## CONCLUSION

We have considered Mr. Copeland's other arguments and conclude that they are without merit. Because Mr. Copeland failed to overcome his waiver of his appeal rights by showing he complied with the LCA, we *affirm* the decision of the Board.

## **AFFIRMED**

### COSTS

No costs.