NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN KANANOWICZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1596

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-22-0056-W-1.

---

Decided: March 14, 2023

---

JOHN KANANOWICZ, Hampton, NH, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before REYNA, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

John Kananowicz petitions for review of a Merit Systems Protection Board decision dismissing his whistleblower retaliation claim against the Department of Labor for lack of jurisdiction. *Kananowicz v. Dep't of Lab.*, No. PH-1221-22-0056-W-1, 2022 WL 595807 (Feb. 24, 2022) (*Board Decision*). Because we find that Mr. Kananowicz has not nonfrivolously alleged that he made a protected disclosure under 5 U.S.C. § 2302(b)(8)(A), we *affirm*.

## BACKGROUND

In February 2021, Mr. Kananowicz's wife, Monique Kananowicz, filed a whistleblower complaint with the Department of Labor's (DOL) Occupational Safety & Health Administration (OSHA) against her former employer, Core Physicians, LLC.[1] Pet'r's Br. 2. Ms. Kananowicz elected to participate in alternative dispute resolution (ADR or mediation). Pet'r's Br. 4. She also requested that Mr. Kananowicz act as her designated representative in resolving her dispute. Pet'r's Br. 3.

Mr. Kananowicz has been employed by OSHA for more than a decade, first as a whistleblower investigator and then as a regional alternative dispute coordinator for Region I. Pet'r's Br. 2. He sought guidance on whether he could represent his wife in her OSHA proceedings from his supervisor, Kristen Rubino, and, at her suggestion, from the Office of the Solicitor of the DOL. Pet'r's Br. 3, 5. Ms.

---

[1] Because this appeal concerns whether the Board properly dismissed Mr. Kananowicz's appeal for lack of jurisdiction, we, like the Board, treat Mr. Kananowicz's allegations as true for purposes of this appeal. *See Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1350 (Fed. Cir. 2022). We cite to Mr. Kananowicz's brief when summarizing his allegations because neither party included Mr. Kananowicz's initial appeal to the Board in their filings before this court.

Rubino approved the representation so long as he did not represent Ms. Kananowicz during work hours, use his government issued cell phone, or voluntarily disclose his OSHA employment or title. Pet'r's Br. 3. Ms. Rubino also agreed to enter Ms. Kananowicz's complaint in the Region VIII office, rather than the Region I office, to avoid any perceived conflict of interest pertaining to Mr. Kananowicz's role in the Region I office. Pet'r's Br. 3. A DOL attorney conveyed that no OSHA policy or ethics rule prevented Mr. Kananowicz from representing his wife but suggested that she may get a better outcome with different representation. Pet'r's Br. 5. He proceeded to represent her after she failed to find adequate alternative representation. Pet'r's Br. 5. When a Region VIII Investigator later asked Ms. Kananowicz whether Mr. Kananowicz was employed by OSHA, Ms. Kananowicz confirmed her husband's employment status. Pet'r's Br. 4.

On April 16, 2021, Mr. Kananowicz took a day off from work to represent his wife in the mediation, which was mediated by an OSHA Region VIII ADR Coordinator. Pet'r's Br. 5–6; App. 22–23.[2] A few hours into the mediation, an OSHA Region VIII Regional Supervisory Investigator halted the mediation session, notified Mr. Kananowicz "that the mediation was cancelled," and told Mr. Kananowicz to contact Ms. Rubino. Pet'r's Br. 6. When Ms. Rubino confirmed that she halted the session, Mr. Kananowicz told her that halting the mediation violated his wife's constitutional right to participate in the OSHA complaint process, her right to designate her own representative in mediation, and her right under the Administrative Procedure Act (APA) to participate in mediation.

---

[2] App. refers to materials attached to Mr. Kananowicz's informal opening brief, ECF No. 19. Because these documents lack separate pagination, the citations refer to the ECF page number.

Pet'r's Br. 7.  He also conveyed his belief that OSHA's intervention was an abuse of the agency's authority and violated its own ADR Program rules and 29 C.F.R. § 1977.15(a).  Pet'r's Br. 7–8, 10.  A few weeks later, Ms. Rubino sent Mr. Kananowicz a letter of reprimand for Mr. Kananowicz's allegedly disrespectful conduct during the April 16 phone call.  Pet'r's Br. 8; App. 29–31.

Mr. Kananowicz filed a complaint with the Office of Special Counsel alleging that the letter of reprimand constituted retaliation for his disclosures during the April 16 phone call.  *Board Decision*, 2022 WL 595807.  After the Office of Special Counsel closed its investigation, Mr. Kananowicz filed an Individual Right of Action (IRA) appeal with the Board.  *Id.*

The administrative judge found that the Board lacked jurisdiction to consider Mr. Kananowicz's appeal.  *Id.*  Specifically, he found that Mr. Kananowicz had not made any disclosures protected under 5 U.S.C. § 2302(b)(8) during the April 16 phone call.  *Id.*  The administrative judge found no provision in the Directive's policy guidance or in the cited regulation that Mr. Kananowicz could reasonably believe the agency violated by terminating the mediation early.  *Id.*  The administrative judge also rejected Mr. Kananowicz's abuse of authority assertion because Mr. Kananowicz knew of the possibility of a conflict of interest based on his representation of his wife, such that stopping the mediation to address the potential issue could not be arbitrary or capricious.  *Id.*  Finally, the administrative judge noted that Mr. Kananowicz did not allege that he or his wife were told that the mediation would not resume; indeed, the agency later told Ms. Kananowicz that a new mediator from the Federal Mediation and Conciliation Service would resume the mediation.  *Id.*  Because Mr. Kananowicz failed to make a nonfrivolous allegation that he had made a disclosure protected under 5 U.S.C. § 2302(b)(8), the administrative judge concluded that the Board lacked jurisdiction.  *Id.*

The administrative judge's initial decision became the Board's final decision under 5 C.F.R. § 1201.113, and Mr. Kananowicz appealed to this court. We have jurisdiction to review the Board's dismissal for lack of jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's dismissal for lack of jurisdiction de novo. *Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1350 (Fed. Cir. 2022).

The Board has jurisdiction over Individual Right of Action appeals arising under 5 U.S.C. § 1221 where the petitioner makes a nonfrivolous allegation (1) that he made disclosures protected by 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) or (B)–(D); and (2) that those disclosures or protected activities were a contributing factor in the agency's decision to take a personnel action defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 1221(e)(1)). Under 5 U.S.C. § 2302(b)(8), the petitioner must have had a reasonable belief that his or her disclosures "evidence[d] (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). "A belief is reasonable if a disinterested observer with knowledge of the essential facts could reach the same conclusion." *Smolinski*, 23 F.4th at 1350 (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)).

Mr. Kananowicz alleges that the agency's letter of reprimand constituted retaliation for his April 16 disclosures. *See* Pet'r's Br. 8–9. Thus, the issue is whether Mr. Kananowicz had a reasonable belief that his disclosures during the April 16 phone call with Ms. Rubino evidenced "any violation of any law, rule, or regulation" or "an abuse of authority" under 5 U.S.C. § 2302(b)(8)(A). In his briefing before this court, Mr. Kananowicz alleges that he made five protected disclosures during that call, all stemming from

the early termination of the mediation session and alleged denial of Ms. Kananowicz's choice of representative: (1) violation of OSHA Instruction, Directive Number CPL 02-03-008; (2) violation of 29 C.F.R. § 1977.15(a); (3) abuse of authority; (4) violation of the APA; and (5) violation of Ms. Kananowicz's constitutional due process rights.  Pet'r's Br. 7, 10–11.

Before we look to Mr. Kananowicz's alleged disclosures, it is helpful to clarify the exact nature of the early termination of the April 16 mediation session, as we adjudge the reasonableness of a belief from the perspective of a "disinterested observer with knowledge of the essential facts." *See Smolinski*, 23 F.4th at 1350.  According to Mr. Kananowicz, the agency halted the April 16 mediation early, but OSHA officials later took steps to provide a different mediator—one unaffiliated with OSHA and lacking any potential conflict of interest—to continue mediation.  Pet'r's Br. 13 (explaining that OSHA responded to Ms. Kananowicz "claiming Federal Mediation Conciliatory Service (FMCS) would be resuming the mediation" but that "Respondent was not in agreement to continue ADR after the mediation on April 16, 2021, had been abruptly stopped by OSHA"); *see also* S. App. 21.[3]  Thus, the agency did not deny Ms. Kananowicz an opportunity to mediate.  Nor did the agency deny Ms. Kananowicz the opportunity to be represented by Mr. Kananowicz.  Pet'r's Br. 13. ("Appellant asserts that at no time did Ms. Rubino or OSHA instruct him or notify him verbally or in writing that he was unable to act as the designated representative[.]").

We agree with the Board that Mr. Kananowicz did not make a protected disclosure of a violation of OSHA Directive Number CPL 02-03-008 under 5 U.S.C. § 2302(b)(8) because he could not have reasonably believed that the

---

[3]    S. App. refers to the supplemental appendix attached to the Respondent's Brief, ECF No. 25.

OSHA Directive was violated by the early termination of the April 16 mediation session.  Mr. Kananowicz has not pointed to any specific part of the Directive he claims the agency violated when it interrupted the mediation, *see* Pet'r's Br. 7, and, on our review of the Directive, we can find no applicable provision.  In fact, the Directive gives OSHA the option to terminate mediation "at the discretion of the [Regional Administrator] or his/her designee." OSHA Instruction, Directive Number CPL 02-03-008 at 7. The Directive also repeatedly emphasizes the importance of the mediator's impartiality and directly addresses conflicts of interest with the mediator.  *Id.* at 10.  The Directive specifies that the mediator "should avoid conducting ADR where there is an actual or potential conflict of interest between the [mediator] and one or more parties."  *Id.*  It further provides that the parties may waive a conflict in writing, and that "[o]therwise, where a conflict exists, the [mediator] will recuse him/herself and an alternative, neutral OSHA representative will be appointed to carry out ADR."  *Id.*  We agree with the administrative judge that the Agency did not violate the Directive merely by postponing the mediation to address the potential conflict of interest posed by Mr. Kananowicz's representation of his wife.

Similarly, Mr. Kananowicz has not explained how OSHA's early termination of the April 16 mediation session violates 29 C.F.R. § 1977.15(a), and we cannot discern any potential violation of that regulation.  Section 1977.15(a) states that "[a] complaint of section 11(c) discrimination may be filed by the employee [her]self, or by a representative authorized to do so on [her] behalf."  Mr. Kananowicz does not allege that he was prevented from filing a § 11(c) discrimination complaint on his wife's behalf.  Thus, he could not reasonably believe the Agency violated 29 C.F.R. § 1977.15(a), and his alleged disclosure of such a purported violation cannot be a protected disclosure under 5 U.S.C. § 2302(b)(8).

Mr. Kananowicz's alleged disclosure of an abuse of authority similarly fails to rise to the level of a protected disclosure. Although 5 U.S.C. § 2302(b)(8) covers disclosure of abuses of authority, the statute does not define "abuse of authority." In previous cases, we have applied the Board's definition of "abuse of authority": "an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." *Smolinski*, 23 F.4th at 1351 (quoting *Wheeler v. Dep't of Veterans Affs.*, 88 M.S.P.R. 236, 241 (2001)). We have also looked to the definition of "abuse of authority" in other whistleblower-protection statutes, such as 41 U.S.C. § 4712(g), which defines "abuse of authority" as "an arbitrary and capricious exercise of authority that is inconsistent with the mission of the executive agency concerned." *Id.* at 1352 (quoting 41 U.S.C. § 4712(g)); *see also id.* (quoting 10 U.S.C. § 2409(g)(6)(1)). Under any of these definitions, Mr. Kananowicz has failed to allege that he could have reasonably believed that the early termination of the April 16 mediation was arbitrary or capricious. Even if Mr. Kananowicz did not believe his representation rose to the level of an actual conflict of interest, he knew—both by virtue of his position as an OSHA dispute coordinator and through his conversations with his supervisor and the Office of the Solicitor—that his position within OSHA created at least the potential for a conflict of interest. Therefore, his alleged disclosure of an abuse of authority is not a protected disclosure under 5 U.S.C. § 2302(b)(8) because he could not have reasonably believed that the early termination of the April 16 mediation session was an abuse of authority.

The administrative judge did not address Mr. Kananowicz's claims that he told Ms. Rubino that the agency violated the APA and his wife's constitutional right to due process. In its briefing on this appeal, the Board states that Mr. Kananowicz failed to present his argument concerning

the APA to the administrative judge and argues that the argument is forfeited on appeal.  Resp't's Br. 10.

We have held that arguments not presented to the administrative judge are forfeited.  *See, e.g.*, *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020).  But we have discretion to overlook forfeiture.  *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020). We elect to do so here.  Because we liberally construe the pleadings of pro se petitioners, and because neither party included Mr. Kananowicz's filings before the Board in the various appendices filed before this court—making it difficult to discern what Mr. Kananowicz did or did not present to the administrative judge—we will overlook any potential forfeiture of his arguments premised on alleged violations of the APA and the Constitution.  *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) ("[P]ro se pleadings are to be liberally construed.") (citations omitted); *see also Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc) (superseded by statute on other grounds by Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002)) ("[I]n situations where a party appeared pro se before the lower court, a court of appeals may appropriately be less stringent in requiring that the issue have been raised explicitly below.").

But, as with his other alleged disclosures, we find that Mr. Kananowicz's alleged disclosures of APA and constitutional violations are not protected disclosures under 5 U.S.C. § 2302(b)(8).  Mr. Kananowicz does not explain how the early termination of the April 16 mediation session could possibly violate either the APA or the constitutional guarantee of due process.  Nor do we see how it could.  As we have already explained, Ms. Kananowicz was not denied an opportunity to participate in mediation—the early termination of the April 16 session ended only her opportunity to mediate with an OSHA mediator, and OSHA later arranged for a mediator unaffiliated with the agency.  Nor was she ever denied the opportunity to proceed with Mr.

Kananowicz as her representative. We can discern no possible APA or due process violations from these facts. Thus, these alleged disclosures are not protected disclosures on which Board jurisdiction may be premised.

## CONCLUSION

None of Mr. Kananowicz's five alleged disclosures are protected disclosures under 5 U.S.C. § 2302(b)(8). We have considered Mr. Kananowicz's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED

### COSTS

No costs.