NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESUS RODRIGUEZ, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2081

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-665, Judge Michael P. Allen.

---

Decided:  November 9, 2022

---

JESUS RODRIGUEZ, JR., San Antonio, TX, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before STOLL, SCHALL, and STARK, *Circuit Judges*.

PER CURIAM.

Jesus Rodriguez, Jr. appeals the decision of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals denying (1) a request to reopen a previously denied claim for service connection and (2) claims for service connection for various other conditions. *Rodriguez v. McDonough*, No. 21-0665, 2022 WL 557291 (Vet. App. Feb. 24, 2022). We affirm-in-part and dismiss-in-part.

## BACKGROUND

Mr. Rodriguez served in the United States Marine Corps from March 1969 to March 1973 and from February 1981 to February 1984. His awards and decorations for service include a Vietnam Cross of Gallantry.

In August 2013, a Regional Office (RO) denied Mr. Rodriguez's claim for service connection for hemorrhoids. Appx. 14.[1] Mr. Rodriguez did not appeal, and the decision became final. On March 31, 2017, the VA received service department records from Mr. Rodriguez's active service. *Rodriguez v. McDonough*, No. 20-7138, 2021 WL 6143626, at *4 (Vet. App. Dec. 30, 2021). In May 2017, Mr. Rodriguez requested that the VA reopen several previously denied claims, including the claim for hemorrhoids. When Mr. Rodriguez's request was denied, he appealed, and in September 2020, a Board remanded his claim to the RO for a Statement of the Case (SOC). Mr. Rodriguez then appealed from the SOC.

On appeal, the Board denied Mr. Rodriguez's request to reopen his hemorrhoids claim and denied service connection for his claims of left shoulder disorder, bilateral

---

[1]    Citations to "Appx." refer to the Appendix attached to the appellee's brief.

metatarsalgia with hallux valgus, and psoriasis with plantar warts.  Appx. 15.

For Mr. Rodriguez's hemorrhoids claim, the Board found that some "evidence . . . received since the August 2013 rating decision" was new, but it was "duplicative and not material as it does not specifically address the reason the claim was previously denied." Appx. 18–19 (applying 38 C.F.R. § 3.156(b)).  In other words, the Board found that the evidence submitted was not "new and material." Appx. 19.  Thus, the Board denied reopening this claim. Appx. 18–19.  The Board also found that "no additional service records (warranting reconsideration of the claim) have been received at any time."   Appx. 18 (citing 38 C.F.R. § 3.156(c)).

The Board also evaluated Mr. Rodriguez's service connection for left shoulder disorder, bilateral metatarsalgia with hallux valgus, and psoriasis with plantar warts. Appx. 23–28.  For each claim, the Board considered the evidence of record, including a November 2020 report by a VA medical examiner, and determined that it was less likely than not that Mr. Rodriguez's disabilities were a result of his service.  In each instance, the Board found that Mr. Rodriguez's lay evidence regarding his disabilities was not sufficiently probative to outweigh the medical evidence. Thus, the Board found that Mr. Rodriguez had not established a nexus between his service and his disabilities.

The Veterans Court affirmed the Board's decision, explaining that "the Board's decision is not clearly wrong, is based on a correct understanding of the governing law, and is supported by an adequate statement of reasons or bases." Appx. 2.

Mr. Rodriguez appeals.  We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is statutorily limited. We may only review decisions about the validity or interpretation of a rule of law, statute, or regulation. 38 U.S.C. § 7292(a). Except for a constitutional issue, we may not review a factual determination or an application of the law to facts. *Id.* § 7292(d)(2). We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Rodriguez raises several arguments: (1) that the Veterans Court improperly interpreted certain statutes and regulations; (2) that the court violated its fair process doctrine by improperly conducting additional discovery[2]; and (3) that the Board should have considered certain evidence submitted after his claims were deemed final. In his reply brief, Mr. Rodriguez also argues that the Board improperly weighed the lay evidence of record and that he was denied due process. We discuss each argument in turn.

First, we address Mr. Rodriguez's argument that the Veterans Court improperly interpreted the following

---

[2] Mr. Rodriguez's pro se brief quotes, but does not provide a citation to *Austin v. Brown*, 6 Vet. App. 547, 553 (1994), which discusses the fair process doctrine. Appellant's Br. 2. His brief also does not refer to the fair process doctrine by name, nor provide an explanation for this argument, but we liberally interpret his brief to raise this issue. *See, e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) ("[P]ro se pleadings are to be liberally construed.").

sources of law: (1) 38 U.S.C. § 7292(a), which relates to our jurisdiction to review an interpretation of a statute or regulation by the Veterans Court; (2) 38 U.S.C. § 7104(d)(1), which relates to the Board's requirement to explain all of its findings and conclusions; and (3) 38 U.S.C. § 7261(c), which prevents the Veterans Court from making findings of fact de novo. Appellant's Br. 1. In his reply brief, Mr. Rodriguez also cites to 38 C.F.R. § 3.156, which relates to "submit[ting] new and material evidence" for opening a previously denied claim.[3] Reply Br. 1–2. Mr. Rodriguez appears to argue that because the Veterans Court interpreted these statutes, we have jurisdiction over his appeal.

At the outset, we recognize that the distinction between an interpretation of law and an application of law can seem murky. We have explained that "an interpretation of a statute or regulation occurs when its meaning is elaborated by the court." *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (*en banc*), *superseded by statute on other grounds*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820. 2832 (2002), *as recognized in Taylor v. McDonough*, 3 F.4th 1351, 1363 n.7 (Fed. Cir. 2021). In other words, an interpretation requires explaining, usually to clarify, what a statute or a regulation means.

Here, the Veterans Court did not clarify or elaborate on the statutes nor the regulation that Mr. Rodriguez cited. Indeed, the Veterans Court does not reference 38 U.S.C. § 7292(a) nor § 7104(d)(1). Although the court did cite 38 C.F.R. § 3.156(a) and discuss the Board's application of that regulation, Appx. 3–5, it did not elaborate on its meaning. Instead, it reviewed the Board's application of the regulation to the facts of Mr. Rodriguez's case. Appx. 5. As we have explained, we do not have jurisdiction to review

---

[3]    Although Mr. Rodriguez cites to "38 CFR section 3.165" both this court and the government understand him to refer to § 3.156. *See* Appellee's Br. 11–12.

the application of law to fact.  38 U.S.C. §§ 7292(c), (d)(2); *see also*, *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).  In sum, Mr. Rodriguez's arguments about the statutes and regulation cited do not raise issues within our jurisdiction.  We thus dismiss this portion of Mr. Rodriguez's appeal.

Second, we address Mr. Rodriguez's argument related to the fair process doctrine.  Although he cites cases holding that the Veterans Court may not improperly obtain evidence against a veteran, Mr. Rodriguez does not explain what discovery the Veterans Court improperly engaged in or how that affected his case.  Appellant's Br. 2 (citing *Hart v. Mansfield*, 21 Vet. App. 505, 508 (2007) (holding that the VA may not procure evidence with the purpose of finding evidence against the veteran); *Mariano v. Principi*, 17 Vet. App. 305, 312 (2003) (same)).  As such, we discern no legal error in the Veterans Court's decision.

We now turn to Mr. Rodriguez's argument that the Board erred by not considering certain evidence he submitted after his claims were deemed final.  Appellant's Br. 2.  Whether evidence submitted is "new and material" under § 3.156(a)—and thus whether a veteran's claim must be reopened—is a question of fact over which we lack jurisdiction.  *Livingston v. Derwinski*, 959 F.2d 224, 225–26 (Fed. Cir. 1992).  Whether the Board properly reconsidered a claim under § 3.156(c) following receipt of service department records, is also a question of fact over which we lack jurisdiction.  *See* 38 U.S.C. § 7292(d)(2).

Here, the Board found that the evidence submitted by Mr. Rodriguez was either cumulative to previously submitted evidence (i.e., was not new) or was not material.  Appx. 18–19.  Accordingly, the Board did not reopen Mr. Rodriguez's claims for benefits.  The Board also stated that "no additional service records (warranting reconsideration of the claim) have been received at any time," and cited to § 3.156(c).  Appx. 18.

To the extent Mr. Rodriguez now appeals those factual findings, we do not have jurisdiction to review that argument. *See* 38 U.S.C. § 7292(d)(2); *Livingston*, 959 F.3d at 226 (dismissing appeal challenging Board's finding that new and material evidence had not been submitted). We thus dismiss this portion of Mr. Rodriguez's appeal.

Further, Mr. Rodriguez also appears to argue that, by not considering this evidence, the Board violated the First Amendment, deprived him of meaningful access to the courts, and committed fraud. Appellant's Br. 2; *see* Reply Br. 3–4; *see also United Transp. Union v. State Bar of Mich.*, 401 U.S. 576, 585 (1971) ("[M]eaningful access to the courts is a fundamental right within the protection of the First Amendment."). Regarding these alleged constitutional violations and allegations of fraud, Mr. Rodriguez's briefing provides no further detail or support. As we have explained, appellants waive any arguments that they do not adequately develop. *See Rodriguez v. Dep't of Veterans Affairs*, 8 F.4th 1290, 1305 (Fed. Cir. 2021). Because Mr. Rodriguez has "merely alluded to" these arguments and has "not developed" them, *id.*, we dismiss this portion of Mr. Rodriguez's appeal as waived.[4]

---

[4] Mr. Rodriguez makes two further arguments for the first time in his reply brief: that the Board did not assign the appropriate weight to the lay evidence of record and that he was denied due process because the Veterans Court did not adequately explain its decision. Reply Br. at 2–3. Because Mr. Rodriguez raises both of these arguments for the first time in his reply brief, he has waived them. *See Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990) ("[A]n issue not raised by an appellant in its opening brief . . . is waived.").

CONCLUSION

For the reasons above, we discern no legal error with respect to the fair process doctrine and no other issue for which we have jurisdiction to review.  Thus, we affirm-in-part and dismiss-in-part.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

COSTS

No costs.