NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT F. CASTRO, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1863

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5042, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Judge Joseph L. Falvey, Jr.

---

Decided: October 20, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, DEREK SCADDEN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

MOORE, *Chief Judge*,

Albert F. Castro, Jr. appeals a decision of the United States Court of Appeals for Veterans Claims setting aside the Board of Veterans Appeals' finding that a previous October 2015 Board decision became final and otherwise affirming the Board's denial of an earlier effective date for the award of disability benefits. For the following reasons, we dismiss in part and affirm in part.

## BACKGROUND

Mr. Castro served honorably in the United States Navy from 1970 to 1971. In November 2011, Mr. Castro filed a claim for disability compensation for depression, which he later amended to include Post Traumatic Stress Disorder (PTSD).[1] The Department of Veterans Affairs (VA) regional office (RO) denied his claim and the Board upheld the denial in October 2015. On November 3, 2015, Mr. Castro submitted a letter to the Board challenging its October 2015 decision due to clear and unmistakable error (CUE). The Board simultaneously construed the November 2015 letter as a Motion for Reconsideration and a Motion for Revision based on CUE. The Motion for Reconsideration was denied on January 12, 2016, and the Motion for Revision was denied in January 2020.

On January 23, 2016, Mr. Castro submitted another letter to the RO and the Veterans Court requesting "a

———————————

[1]    This case involves a lengthy procedural history. We describe only the relevant events here.

reopening and/or review" of his PTSD claim, attaching a note from his psychiatrist.

On February 2, 2016, Mr. Castro submitted an online form again requesting that the VA reopen his claim, attaching his January 2016 letter and the note from his psychiatrist. Ultimately, in February 2018, the RO issued a rating decision granting service connection for PTSD and assigning an effective date of February 2, 2016. Mr. Castro submitted a notice of disagreement, challenging the effective date. Following more years of litigation, the Veterans Court issued a decision in October 2021 that in relevant part: (1) separated the issue of whether the October 2015 Board decision was final into a new case before the Veterans Court, and (2) denied reconsideration of the February 2, 2016 effective date for Mr. Castro's benefits. Mr. Castro appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Castro raises two challenges to the Veterans Court's October 2021 decision. First, he argues the Veterans Court lacked jurisdiction to review the Board's January 2020 decision. Second, he argues the Veterans Court applied the incorrect version of 38 U.S.C. § 5110 when reviewing the Board's determination of the effective date.

I

Mr. Castro argues that the Veterans Court lacked jurisdiction to review the Board's January 2020 decision. According to Mr. Castro, the Board's October 2015 decision was not final because his November 2015 letter or January 2016 letter[2] operated as a notice of appeal (NOA), and thus the Board could not issue its decision denying CUE. Whether the Board, and subsequently the Veterans Court, had jurisdiction to issue their respective decisions turns on whether the October 2015 Board decision was final.

A decision of the Board is final if the veteran does not appeal the decision. 38 U.S.C § 7105(c). A veteran has 120 days from the Board's decision to file a notice of appeal. 38 U.S.C. § 7266(a). According to the Veterans Court's Rules, a notice of appeal filed by the veteran must (1) include the veteran's name, address, and telephone number, and the claim file number; (2) reasonably identify the Board decision being appealed; and (3) be "capable of being reasonably construed, on its face or from the surrounding circumstances, as expressing an intent to seek [Veterans] Court review of that decision." U.S. Vet. App. R. 3(c). This Court has held that correspondence will be liberally construed in determining if it is a notice of appeal. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005)). Pro se pleadings are also to be liberally construed. *Id.*

It is undisputed that Mr. Castro filed the November 2015 and January 2016 letters during the 120-day window for appeal of the Board's October 2015 decision. *See*

---

[2]    Mr. Castro's briefing focuses on the November 2015 letter, Appellant's Opening Br. at 9–12, whereas at oral argument counsel for Mr. Castro focused on the January 2016 letter, Oral Arg. at 6:39–7:41, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1863_10032023.mp3.

Appellee's Response Br. at 5. It is also undisputed that at least one, if not both, of the letters met all of the mechanical requirements of a notice of appeal. *See* Oral Arg. at 18:51-59 (Appellee noting the mechanical requirements for a notice of appeal have been met). The only remaining question is whether either letter could be "reasonably construed, on its face or from the surrounding circumstances, as expressing an intent to seek [Veterans] Court review of that decision." U.S. Vet. App. R. 3(c)(2); *see also* Oral Arg. at 19:00–28. We do not see how the November 2015 letter or the January 2016 letter could be construed as anything other than a notice of appeal.

Mr. Castro's November 2015 letter, which was sent to and received by the Board,[3] stated that the October 2015 decision contained "clear and unmistakable error." J.A. 87–88. Relevant to Mr. Castro's argument, the Board interpreted Mr. Castro's November 2015 letter as a Motion for Revision based on CUE (which was denied). J.A. 89. A motion for revision based on CUE is granted only upon a showing of clear and unmistakable error in a final decision. 38 C.F.R. § 20.1400. But given the well-settled principles of liberally construing notices of appeal and pro se filings, it is perplexing that the Board would not interpret the letter challenging the Board's decision, filed within the time period for a notice of appeal, written pro se by a veteran with PTSD, as anything other than a notice of appeal. This is especially true considering the alternative is interpreting the correspondence as a request to both finalize the October 2015 decision, and then review it with a much more

---

[3]     While notices of appeal should be filed with the Veterans Court, we have held that even a notice of appeal misfiled with the Board, during the statutory period for filing a notice of appeal, could trigger equitable tolling of a decision's finality. *Brandenburg v. Principi*, 371 F.3d 1362, 1364 (Fed. Cir. 2004).

exacting standard of review.  While this pro se veteran may have used the language clear and unmistakable error in his November 2015 letter, it is simply not feasible that he would prefer to have the October 2015 decision, of which he was complaining, reviewed under a more difficult CUE standard rather than considered as an appeal.  In short, he used the wrong legal jargon – but that his clearly expressed intent was to seek review of (appeal) the October 2015 decision cannot be denied.

In January 2016, after receiving the Board's denial of reconsideration based on his November 2015 letter, Mr. Castro sent another letter challenging the October 2015 decision.  The January 2016 letter was sent to both the RO and the Veterans Court.  J.A. 95, 99.  In this letter, Mr. Castro requested "a reopening and/or review" of the October 2015 decision.  J.A. 96.  Mr. Castro also included notes from his psychiatrist, Dr. Burch, regarding his PTSD and the likely causal link between the PTSD and Mr. Castro's military service.  J.A. 98.  The Veterans Court is permitted to receive such evidence on appeal.  *See* 38 C.F.R. § 3.156(b) (evidence "will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period" if received prior to the expiration of the appeal period).  Despite these circumstances, the Veterans Court did not docket an appeal, but instead forwarded the letter to the Board.  J.A. 100.  As with the November 2015 letter, it seems contrary to logic that Mr. Castro's intent with the January 2016 letter, mailed to the Veterans Court within the allowable time period for filing a notice of appeal, asking for review of his case, could not reasonably be construed as seeking the Veterans Court's review of his case.

Unfortunately, we cannot make the determination in the first instance as to whether the November 2015 or January 2016 letters constitute a notice of appeal to the Veterans Court.  The Veterans Court's October 2021 decision set aside the Board's finding that the Board's October 2015

decision was final and opened a separate docket (No. 21-6507) to adjudicate that exact question.  J.A. 12.  Given there is not a final decision by the Veterans Court, we lack jurisdiction to review.  Accordingly, we dismiss Mr. Castro's appeal with respect to the finality of the Board's October 2015 decision.  But given the clarity of the issues and the facts presented, we expect the Veterans Court to resolve this matter forthwith, after all it goes back to a 2011 filing.

## II

Mr. Castro also argues the Veterans Court applied the incorrect version of 38 U.S.C. § 5110 in its October 2021 decision.  Specifically, Mr. Castro contends the Veterans Court applied the pre-AMA[4] version of the statute in reviewing the effective filing date and should have applied the post-AMA version because he opted into the AMA and continuously pursued his claim since 2011.  We have jurisdiction to review this question of law.  *See Forshey v. Principi*, 284 F.3d 1335, 1351–52 (Fed. Cir. 2002) (en banc).  However, we decline as a prudential matter to address this question because it was forfeited.  *See Morgan v. Principi*, 327 F.3d 1357, 1364 (Fed. Cir. 2003).  This question was neither presented to nor considered by the Veterans Court.  Indeed, Mr. Castro expressly relied on the pre-AMA version of the statute in his briefing before the Veterans Court.  *See* J.A. 205.  We therefore affirm the Veterans Court's decision with respect to this issue.

## CONCLUSION

For the foregoing reasons, we conclude that we do not have jurisdiction to decide whether Mr. Castro's November 2015 or January 2016 letters constituted a notice of appeal such that the Board's October 2015 decision did not become

---

4    The Appeals Modernization Act (AMA) was enacted in 2017.  Pub. L. No. 115-55, 131 Stat. 1105 (2017).

final.  We also conclude Mr. Castro forfeited his argument with respect to whether the Veterans Court applied the correct version of 38 U.S.C. § 5110.  Accordingly, we dismiss in part and affirm in part.

## DISMISSED IN PART AND AFFIRMED IN PART

### COSTS

No costs.